IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
NATHAN OLIVER,                )
                              )
        Petitioner,           )
                              )
        v.                    )   Civil Action No. 04-1909
                              )   Judge Gary L. Lancaster
FRANK D. GILLIS, et al.,      )   Magistrate Judge Caiazza
                              )
        Respondents.          )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by Nathan Oliver be dismissed. It is also recommended and that a certificate of appealability be denied.

### II.   REPORT

Nathan Oliver ("Oliver" or "the Petitioner") a state prisoner, has filed a Petition for Wit of Habeas Corpus seeking relief from a sentence imposed by the Allegheny County Court of Common Pleas.

**A.   Procedural History.**

Oliver entered a plea of *nolo contendere* on January 16, 1997, to two counts of robbery and one count of criminal conspiracy. These charges arose from an armed robbery of two men in which the Petitioner's co-conspirator had repeatedly shot the victims. As the result of the shooting one of the victims remains paralyzed for life. Oliver was sentenced to consecutive terms of ten to twenty years on the first count of robbery, ten

to twenty years on the second count of robbery and five to ten years on the conspiracy charge. His aggregate sentence totaled twenty five to fifty years. On appeal, the issues which follow were raised in the Pennsylvania Superior Court.

> I. Did the Sentencing Court commit an abuse of discretion in sentencing the Appellant in excess of the sentencing guidelines when it did not state sufficient reasons on the record for doing so?
>
> II. Did the sentencing court commit an abuse of discretion by setting forth reasons for sentencing the Appellant in excess of the sentencing guidelines that were already factored into the sentencing guidelines?

Doc. 8, Ex. 7 at 3 (Superior Ct. Br. at 3). The Superior Court vacated the judgment of sentence saying that the sentencing judge failed to articulate any reason for imposing the maximum penalty for each offense -aside from a brief reference to the seriousness of the crime and its impact upon the victims. Doc. 8, Ex. 8 at 9. In remanding the case, the Superior Court stated that "the sentencing judge is free to impose any sentence which he deems appropriate, including one which deviates from the guidelines." Id. at 10.

Next, the trial court conducted a hearing and thereafter imposed the same sentence. Oliver's counseled appeal to the Superior Court set out the same issues raised in the initial appeal. Doc. 8, Ex. 13 at 8. On April 19, 1998, the Superior Court affirmed the judgment of sentence. Doc. 8, Ex. 14.

2

Again through counsel, Oliver filed an *allocatur* petition in the Pennsylvania Supreme Court. The sole issue raised was whether the Superior Court "erred in affirming an order denying Mr. Oliver a re-sentencing and contradicting the earlier panel decision in this case." Doc. 8, Ex. 15 at 4. The Pennsylvania Supreme Court denied Oliver's *allocatur* petition.

The Petitioner then filed a *pro se* petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"). 42 Pa. Cons. Stat. Ann. § 9541, *et seq*. Doc. 8, Ex. 16. Subsequently, appointed counsel filed an amended PCRA petition. Doc. 8, Ex. 17.[1] The PCRA Court denied relief. Oliver appealed and the sole issue raised in the Superior Court was whether the PCRA Court "err[ed] when it dismissed the defendant's . . . petition when the defendant properly pled and offered to prove grounds which would entitle him to relief." Doc. 8, Ex., 22 at 3. The Superior Court affirmed the decision of the PCRA court. Next, Oliver filed a counseled *allocatur* petition in which the sole issue raised was whether the Superior Court erred "when it

---

1. In that amended PCRA petition, the only issue relevant to this habeas case is as follows:

> d. The sentence was over the guidelines and the reasons therefore were not explained to the defendant nor did they meet the standards set by the sentencing guidelines nor was there any reason why the defendant was sentenced in excess of the guidelines.

Doc. 8, Ex. 17 at 7.

3

affirmed the PCRA court's dismissal of the PCRA petition without a hearing when the defendant pled and proved grounds that would entitle him to relief." Doc. 8, Ex. 24 at 4.

Oliver then filed the federal habeas petition now pending before this court. Doc. 1. Essentially, he claims that the sentencing court violated his Eighth Amendment rights because: (1) it imposed a sentence outside of the state sentencing guidelines; (2) the sentence was grossly out of proportion to his culpability and (3) it cited reasons for the sentence that were unsupported by the record evidence.

In their Answer, the Respondents contend that the issues which Oliver raises as Eighth Amendment claims were not set out as constitutional issues in the state court. Stated differently, the Respondents claim that the questions raised by Oliver in the state courts were couched as state law issues centering on an abuse of the sentencing judge's discretion. Doc. 8. Oliver did not file a traverse.

## B. Exhaustion and Procedural Default

The claims set out in a federal habeas petition must have been presented in substantially the same form to the state courts -with identity of both facts and legal theory. <u>Bond v. Fulcomer</u>, 864 F.2d 306 (3d Cir. 1989), *overruling on other grounds recognized in*, <u>Hull v. Freeman</u>, 932 F.2d 159 (3d Cir. 1991). Having said that, "state prisoners must give the state

4

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In his state court proceedings Oliver argues that the judge exceeded the guideline ranges during his sentencing proceeding. His claims, however, were not couched as constitutional issues nor were they litigated as constitutional questions. In the current habeas petition Oliver's claim is framed in terms of an Eighth Amendment constitutional violation. That said, the claims he now raises in the federal habeas petition are distinct from the issues he raised in the state courts. He has, therefore, failed to exhaust his state court remedies and his federal habeas petition must be dismissed.

Moreover, Oliver cannot present the issues he raises in his federal petition in the state courts because they are time barred. Consequently, those claims are procedurally defaulted. See, e.g., Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000). Stated differently, Oliver's failure to raise any of his Eighth Amendment claims on direct appeal, or during his PCRA proceeding, has resulted in a state court procedural default. See Commonwealth v. Agie, 296 A.2d 741, 741 (Pa. 1972)("We have consistently held that issues not raised in the court below are waived and cannot be raised for the first time on appeal to this

Court.")(citations omitted); Commonwealth v. Steffish, 365 A.2d 865 (Pa. Super. 1976); Commonwealth v. Perea, 381 A.2d 494, 496 (Pa. Super. 1977)("The appellate courts of Pennsylvania have consistently held that issues not raised in the court below are waived and cannot be raised for the first time on appeal."); Commonwealth v. Mitchell, 445 A.2d 721, 723 (Pa. 1982)(issues not raised on direct appeal are waived); 42 Pa. Cons. Stat. §9544(b)(issue is waived if petitioner failed to raise it and the issue could have been raised before trial, at trial, on appeal, in habeas corpus proceeding, or in prior proceeding under PCRA).

Consequently, this habeas petition should be dismissed with prejudice because the federal constitutional issues raised by Oliver are procedurally defaulted.

## C. Eighth Amendment

Morever, even ignoring exhaustion and procedural default issues, Oliver's Eighth Amendment claims are without merit. A sentence violates the Eighth Amendment only when it is extreme and "grossly disproportionate to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)("The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate to the crime.") (citation omitted); Lockyer v. Andrade, 538 U.S. 63, 72

6

(2003)("A gross disproportionality principle is applicable to sentences for terms of years."). Here, because of the multiple times the gun was discharged and because one victim remains paralyzed, this court does not find the sentences to be grossly disproportionate.

## D. Certificate of Appealability

A certificate of appealability should be denied because Oliver has not made a substantial showing of the denial of a constitutional right, *i.e.*, he has failed to show that jurists of reason would find the court's procedural and/or substantive rulings debatable. E.g., Slack v. McDaniel, 529 U.S. 473 (2000) and Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III.  CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Nathan Oliver be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven days from the date of service of objections to respond

thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

*Francis X. Caiazza*
Francis X. Caiazza
United States Magistrate Judge

Dated: December 28, 2005

cc: The Honorable Gary L. Lancaster
United States District Judge

Nathan Oliver
DE-7947
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866-1021

Rebecca D. Spangler
Office of the District Attorney
Post Conviction/Habeas Corpus
401 Allegheny County Courthouse
Pittsburgh, PA 15219